**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 07-64355-MHM |
| | ) | |
| JOCKS & JILLS RESTAURANTS, | ) | |
| LLC, et al., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | Jointly Administered Cases[1] |
| _____ | ) | |
| TAMARA MILES OGIER AS CHAPTER | ) | |
| 7 TRUSTEE FOR THE ESTATE OF | ) | |
| JOCKS & JILLS RESTAURANTS, | ) | |
| LLC, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADVERSARY PROCEEDING NO. |
| v. | ) | |
| | ) | |
| W. BRADFORD KACHER; MELVIN R. | ) | |
| VUKAS; FRANK THOMAS; JOE | ) | |
| ATKINSON;  SANA S. THOMAS; | ) | |
| KEN KING; WELL FARGO BANK | ) | |
| NATIONAL ASSOCIATION (INC.); | ) | |
| AMERICAN EXPRESS TRAVEL | ) | |
| RELATED SERVICES, INC.; | ) | |
| CARY S. KING P.C.; | ) | |
| SLAUGHTER & VIRGIN, P.C.; and | ) | |
| MOORE INGRAM JOHNSON & STEELE, | ) | |
| LLP, | ) | |
| | ) | |
| Defendants. | ) | |

[1] All of the Debtors include Jocks & Jills Restaurants, LLC, Case No.
07-64355-MHM; Jocks & Jills Charlotte, Inc., Case No. 07-64356-MHM;
Jocks & Jills CNN, Inc., Case No. 07-64358-MHM; Jocks & Jills Duluth,
Inc., Case No. 07-64360-MHM; Jocks & Jills Galleria, Inc., Case No.
07-64363-MHM; Jocks & Jills Prado, Inc., Case No. 07-64365-MHM; Jocks
& Jills, Inc., Case No. 07-64367-MHM; Divine Events Transportation,
Inc., Case No. 07-64369-MHM; Divine Events Catering, Inc., Case No.
07-64370-MHM and Jocks & Jills Norcross, Inc., Case No. 07-64768-MHM.

<u>COMPLAINT</u>

COMES NOW Plaintiff Tamara Miles Ogier as Trustee for the Estate of Jocks & Jills Restaurants, LLC who files this Complaint and respectfully shows the following:

1.

Jocks & Jills Restaurants, LLC and its related affiliates (jointly administered) all of which are collectively referred to as ("Debtor") filed their voluntary Chapter 11 petition in the United States Bankruptcy Court for Northern District of Georgia, Atlanta Division on March 19, 2007. Said case was converted to Chapter 7 by Order entered on June 18, 2008, Case No. 07-64355-MHM. Jurisdiction of this proceeding is conferred upon this Court pursuant to the provisions of 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2.

This action is a core proceeding pursuant to 28 U.S.C. § 157.

3.

Plaintiff is the duly qualified and acting trustee authorized to bring this action pursuant to 11 U.S.C. § 323.

4.

Venue is proper in this case pursuant to the provisions of 28 U.S.C. § 1409.

COUNT ONE: PREFERENCE (W. BRADFORD KACHER)

5.

Plaintiff hereby reaffirms and realleges all matters set forth in paragraphs 1 through 4 herein and same are incorporated in Count One by this reference.

6.

Defendant W. Bradford Kacher ("Kacher") is subject to the jurisdiction of this Court and may be served at his dwelling house or usual place of abode:  682 Daylily Court, Acworth, Georgia 30102.

7.

During the ninety day period prior to Debtor's petition, Debtor transferred $52,000.00 to Kacher.

a.   During the ninety day period prior to the filing of Debtor's petition, Debtor made transfers to or for the benefit of Kacher totaling not less than $52,000.00.

b.   At the time of the transfers described in Paragraph 7(a), Kacher was a creditor of Debtor.

c.    The transfers described in Paragraph 7(a) were for or
on account of an antecedent debt owed by the Debtor to
Kacher before said transfers were made.

d.    The transfers were made while Debtor was insolvent.

e.    The transfers were made within the ninety day period
prior to the date of the filing of Debtor's petition.

f.    The transfers enabled Kacher to receive more than
Kacher would have received if the case was a Chapter 7
case, the transfers had not been made, and Kacher had
received payment of his debt to the extent provided by
the Bankruptcy Code.

8.

The transfers to Kacher are void as against Debtor's
creditors pursuant to 11 U.S.C. § 547.  Kacher is the initial
transferee of these voidable transfers, and Plaintiff is entitled
to recover the value of said transfers from Kacher pursuant to 11
U.S.C. § 550(a)(1), plus pre-judgment interest from the date of
the filing of Plaintiff's Complaint against Kacher.

WHEREFORE, Plaintiff prays as follows:

a)    Process issue and Kacher be served as provided by law;

b)    The Court enter a judgment in favor of Plaintiff and against Kacher in the principal amount of $52,000.00 plus prejudgment interest pursuant to 28 U.S.C. § 1961 from the date of the filing of Plaintiff's Complaint;

c)    All costs be cast upon Kacher; and

d)    The Court grant such other and further relief as it deems just and proper.

### COUNT TWO: PREFERENCE (MELVYN R. VUKAS)

9.

Plaintiff hereby reaffirms and realleges all matters set forth in paragraphs 1 through 4 herein and same are incorporated in Count Two by this reference.

10.

Defendant Melvyn R. Vukas ("Vukas") is subject to the jurisdiction of this Court and may be served at his dwelling house or usual place of abode:  3600 Clubland Drive, Marietta, GA 30068.

11.

During the ninety day period prior to Debtor's petition, Debtor transferred $52,000.00 to Vukas.

a.   During the ninety day period prior to the filing of
     Debtor's petition, Debtor made transfers to or for the
     benefit of Vukas totaling not less than $52,000.00.

b.   At the time of the transfers described in Paragraph
     11(a), Vukas was a creditor of Debtor.

c.   The transfers described in Paragraph 11(a) were for or
     on account of an antecedent debt owed by the Debtor to
     Vukas before said transfers were made.

d.   The transfers were made while Debtor was insolvent.

e.   The transfers were made within the ninety day period
     prior to the date of the filing of Debtor's petition.

f.   The transfers enabled Vukas to receive more than Vukas
     would have received if the case was a Chapter 7 case,
     the transfers had not been made, and Vukas had received
     payment of his debt to the extent provided by the
     Bankruptcy Code.

12.

The transfers to Vukas are void as against Debtor's
creditors pursuant to 11 U.S.C. § 547.  Vukas is the initial
transferee of these voidable transfers, and Plaintiff is entitled
to recover the value of said transfers from Vukas pursuant to 11

U.S.C. § 550(a)(1), plus pre-judgment interest from the date of the filing of Plaintiff's Complaint against Vukas.

WHEREFORE, Plaintiff prays as follows:

a)    Process issue and Vukas be served as provided by law;

b)    The Court enter a judgment in favor of Plaintiff and against Vukas in the principal amount of $52,000.00 plus prejudgment interest pursuant to 28 U.S.C. § 1961 from the date of the filing of Plaintiff's Complaint;

c)    All costs be cast upon Vukas; and

d)    The Court grant such other and further relief as it deems just and proper.

COUNT THREE: PREFERENCE (FRANK THOMAS)

13.

Plaintiff hereby reaffirms and realleges all matters set forth in paragraphs 1 through 4 herein and same are incorporated in Count Three by this reference.

14.

Defendant Frank Thomas ("F. Thomas") is subject to the jurisdiction of this Court and may be served at his dwelling

house or usual place of abode: 3101 Towercreek Pkwy., Suite 560,

Atlanta, GA 30339.

15.

During the ninety day period prior to Debtor's petition,
Debtor transferred $15,000.00 to F. Thomas.

    a.   During the ninety day period prior to the filing of
Debtor's petition, Debtor made transfers to or for the
benefit of F. Thomas totaling not less than $15,000.00.

    b.   At the time of the transfers described in Paragraph
15(a), F. Thomas was a creditor of Debtor.

    c.   The transfers described in Paragraph 15(a) were for or
on account of an antecedent debt owed by the Debtor to
F. Thomas before said transfers were made.

    d.   The transfers were made while Debtor was insolvent.

    e.   The transfers were made within the ninety day period
prior to the date of the filing of Debtor's petition.

    f.   The transfers enabled F. Thomas to receive more than F.
Thomas would have received if the case was a Chapter 7
case, the transfers had not been made, and F. Thomas
had received payment of his debt to the extent provided
by the Bankruptcy Code.

16.

The transfers to F. Thomas are void as against Debtor's

creditors pursuant to 11 U.S.C. § 547. F. Thomas is the initial transferee of these voidable transfers, and Plaintiff is entitled to recover the value of said transfers from F. Thomas pursuant to 11 U.S.C. § 550(a)(1), plus pre-judgment interest from the date of the filing of Plaintiff's Complaint against F. Thomas.

WHEREFORE, Plaintiff prays as follows:

a)  Process issue and F. Thomas be served as provided by law;

b)  The Court enter a judgment in favor of Plaintiff and against F. Thomas in the principal amount of $15,000.00 plus prejudgment interest pursuant to 28 U.S.C. § 1961 from the date of the filing of Plaintiff's Complaint;

c)  All costs be cast upon F. Thomas; and

d)  The Court grant such other and further relief as it deems just and proper.


COUNT FOUR: PREFERENCE (JOE ATKINSON)

17.

Plaintiff hereby reaffirms and realleges all matters set forth in paragraphs 1 through 4 herein and same are incorporated in Count Four by this reference.

18.

Defendant Joe Atkinson ("Atkinson") is subject to the
jurisdiction of this Court and may be served at his dwelling
house or usual place of abode: 1100 Riverbend Club Drive,
Atlanta, GA 30339.  Atkinson may also be served care of his
attorney, Ryan L. Isenberg, Esq. at Isenberg & Hewitt, P.C., 7000
Peachtree Dunwoody Road, Building 15, Suite 100, Atlanta, Georgia
30328.

19.

During the ninety day period prior to Debtor's petition,
Debtor transferred $30,561.48 to Atkinson.

    a.   During the ninety day period prior to the filing of
Debtor's petition, Debtor made transfers to or for the
benefit of Atkinson totaling not less than $30,561.48.

    b.   At the time of the transfers described in Paragraph
19(a), Atkinson was a creditor of Debtor.

    c.   The transfers described in Paragraph 19(a) were for or
on account of an antecedent debt owed by the Debtor to
Atkinson before said transfers were made.

    d.   The transfers were made while Debtor was insolvent.

    e.   The transfers were made within the ninety day period

prior to the date of the filing of Debtor's petition.

f.    The transfers enabled Atkinson to receive more than Atkinson would have received if the case was a Chapter 7 case, the transfers had not been made, and Atkinson had received payment of his debt to the extent provided by the Bankruptcy Code.

20.

The transfers to Atkinson are void as against Debtor's creditors pursuant to 11 U.S.C. § 547.  Atkinson is the initial transferee of these voidable transfers, and Plaintiff is entitled to recover the value of said transfers from Atkinson pursuant to 11 U.S.C. § 550(a)(1), plus pre-judgment interest from the date of the filing of Plaintiff's Complaint against Atkinson.

WHEREFORE, Plaintiff prays as follows:

a)    Process issue and Atkinson be served as provided by law;

b)    The Court enter a judgment in favor of Plaintiff and against Atkinson in the principal amount of $30,561.48 plus prejudgment interest pursuant to 28 U.S.C. § 1961 from the date of the filing of Plaintiff's Complaint;

c)    All costs be cast upon Atkinson; and

d)    The Court grant such other and further relief as it
deems just and proper.

COUNT FIVE: PREFERENCE (SANA S. THOMAS)

21.

Plaintiff hereby reaffirms and realleges all matters set
forth in paragraphs 1 through 4 herein and same are incorporated
in Count Five by this reference.

22.

Defendant Sana S. Thomas ("S. Thomas") is subject to the
jurisdiction of this Court and may be served at her dwelling
house or usual of abode at 3101 Towercreek Pkwy., Suite 560,
Atlanta, GA 30339.

23.

During the ninety day period prior to Debtor's petition,
Debtor transferred $7,500.00 to S. Thomas.

a.    During the ninety day period prior to the filing of
Debtor's petition, Debtor made transfers to or for the
benefit of S. Thomas totaling not less than $7,500.00.

b.    At the time of the transfers described in Paragraph

23(a), S. Thomas was a creditor of Debtor.

c.    The transfers described in Paragraph 23(a) were for or
      on account of an antecedent debt owed by the Debtor to
      S. Thomas before said transfers were made.

d.    The transfers were made while Debtor was insolvent.

e.    The transfers were made within the ninety day period
      prior to the date of the filing of Debtor's petition.

f.    The transfers enabled S. Thomas to receive more than S.
      Thomas would have received if the case was a Chapter 7
      case, the transfers had not been made, and S. Thomas
      had received payment of her debt to the extent provided
      by the Bankruptcy Code.

24.

The transfers to S. Thomas are void as against Debtor's
creditors pursuant to 11 U.S.C. § 547.  S. Thomas is the initial
transferee of these voidable transfers, and Plaintiff is entitled
to recover the value of said transfers from S. Thomas pursuant to
11 U.S.C. § 550(a)(1), plus pre-judgment interest from the date
of the filing of Plaintiff's Complaint against S. Thomas.

WHEREFORE, Plaintiff prays as follows:

a)   Process issue and S. Thomas be served as provided by
     law;

b)   The Court enter a judgment in favor of Plaintiff and
     against S. Thomas in the principal amount of $7,500.00
     plus prejudgment interest pursuant to 28 U.S.C. § 1961
     from the date of the filing of Plaintiff's Complaint;

c)   All costs be cast upon S. Thomas; and

d)   The Court grant such other and further relief as it
     deems just and proper.


### COUNT SIX: PREFERENCE (KEN KING)

25.

Plaintiff hereby reaffirms and realleges all matters set
forth in paragraphs 1 through 4 herein and same are incorporated
in Count Six by this reference.

26.

Defendant Ken King ("King") is subject to the jurisdiction
of this Court and may be served at his dwelling house or usual of
abode.

27.

During the ninety day period prior to Debtor's petition,

Debtor transferred $8,057.50 to King.

    a.   During the ninety-day period prior to the filing of Debtor's petition, Debtor made transfers to or for the benefit of King totaling not less than $8,057.50.

    b.   At the time of the transfers described in Paragraph 27(a), King was a creditor of Debtor.

    c.   The transfers described in Paragraph 27(a) were for or on account of an antecedent debt owed by the Debtor to King before said transfers were made.

    d.   The transfers were made while Debtor was insolvent.

    e.   The transfers were made within the ninety day period prior to the date of the filing of Debtor's petition.

    f.   The transfers enabled King to receive more than King would have received if the case was a Chapter 7 case, the transfers had not been made, and King had received payment of her debt to the extent provided by the Bankruptcy Code.

28.

The transfers to King are void as against Debtor's creditors pursuant to 11 U.S.C. § 547.  King is the initial transferee of these voidable transfers, and Plaintiff is entitled to recover

the value of said transfers from King pursuant to 11 U.S.C. §
550(a)(1), plus pre-judgment interest from the date of the filing
of Plaintiff's Complaint against King.

WHEREFORE, Plaintiff prays as follows:

a)    Process issue and King be served as provided by law;

b)    The Court enter a judgment in favor of Plaintiff and
      against King in the principal amount of $8,057.50 plus
      prejudgment interest pursuant to 28 U.S.C. § 1961 from
      the date of the filing of Plaintiff's Complaint;

c)    All costs be cast upon King; and

d)    The Court grant such other and further relief as it
      deems just and proper.

COUNT SEVEN: PREFERENCE (WELLS FARGO)

29.

Plaintiff hereby reaffirms and realleges all matters set
forth in paragraphs 1 through 4 herein and same are incorporated
in Count Seven by this reference.

30.

Defendant Wells Fargo Bank, National Association (Inc.)

("Wells Fargo") is subject to the jurisdiction of this Court and may be served care of its CEO, Carrie Tolstedt at 464 California Street, A0101-121, San Francisco, CA 94104.  Wells Fargo may also be served care of its CFO, Howard I. Atkins, 464 California Street, A0101-121, San Francisco, CA 94104.

31.

During the ninety day period prior to Debtor's petition, Debtor transferred $40,418.96 to Wells Fargo (Account No. 5474.......75467).

    a.   During the ninety day period prior to the filing of Debtor's petition, Debtor made transfers to or for the benefit of Wells Fargo totaling not less than $40,418.96.

    b.   At the time of the transfers described in Paragraph 31(a), Wells Fargo was a creditor of Debtor.

    c.   The transfers described in Paragraph 31(a) were for or on account of an antecedent debt owed by the Debtor to Wells Fargo before said transfers were made.

    d.   The transfers were made while Debtor was insolvent.

    e.   The transfers were made within the ninety day period prior to the date of the filing of Debtor's petition.

f.   The transfers enabled Wells Fargo to receive more than
     Wells Fargo would have received if the case was a
     Chapter 7 case, the transfers had not been made, and
     Wells Fargo had received payment of its debt to the
     extent provided by the Bankruptcy Code.

32.

The transfers to Wells Fargo are void as against Debtor's
creditors pursuant to 11 U.S.C. § 547.  Wells Fargo is the
initial transferee of these voidable transfers, and Plaintiff is
entitled to recover the value of said transfers from Wells Fargo
pursuant to 11 U.S.C. § 550(a)(1), plus pre-judgment interest
from the date of the filing of Plaintiff's Complaint against
Wells Fargo.


WHEREFORE, Plaintiff prays as follows:

a)   Process issue and Wells Fargo be served as provided by
     law;

b)   The Court enter a judgment in favor of Plaintiff and
     against Wells Fargo in the principal amount of
     $40,418.96 plus prejudgment interest pursuant to 28
     U.S.C. § 1961 from the date of the filing of

Plaintiff's Complaint;

c)    All costs be cast upon Wells Fargo; and

d)    The Court grant such other and further relief as it
deems just and proper.

### COUNT EIGHT - §544 FRAUD(WELLS FARGO)

33.

Plaintiff hereby reaffirms and realleges all matters set
forth in paragraphs 29 through 32 herein and same are
incorporated in Count Eight by this reference.

34.

During the four year period prior to Debtor's petition,
Debtor made numerous transfers to Wells Fargo.  Many of these
transfers were for the <u>individual</u> benefit of Debtor's insider,
Joseph R. Rollins, (or his entities).  These transfers did not
benefit the Debtor.

35.

At the time of the transfers described in paragraph 34
herein, numerous creditors held claims against the Debtor.  Those
claims arose before the transfers referenced in paragraph 34.

36.

Debtor made the transfers set forth in paragraph 34

1)   With actual intent to hinder, delay, or defraud its
     current creditors and with actual intent to hinder,
     delay, or defraud future creditors; or

2)   Without receiving a reasonably equivalent value in
     exchange for the transfers, and the Debtor

     a)   Was engaged or was about to engage in a business
          or a transaction for which the remaining assets of
          the Debtor were unreasonably small in relation to
          the business or transaction; or

     b)   Intended to incur, or believed or reasonably
          should have believed that it would incur debts
          beyond its ability to pay as they became due.

37.

The Debtor made the transfers described in paragraph 34
without receiving a reasonably equivalent value in exchange for
the transfers.

38.

At the time of the transfers described in paragraph 34,
Debtor was insolvent on the date of said transfers or became
insolvent as a result of said transfers.

39.

The transfers described in paragraph 34 are voidable pursuant to 11 U.S.C. § 544, and Georgia statutes O.C.G.A. §§ 18-2-74 and 18-2-75, and Plaintiff is entitled to void the transfers to Wells Fargo.  Plaintiff is entitled to recover the value of the transfers, and the value (therefore, Plaintiff's damages pursuant to 11 U.S.C. §550) will be proven with more certainty at the trial of this matter.

<u>COUNT NINE - SECTION 548 FRAUD (WELLS FARGO)</u>

40.

Plaintiff hereby reaffirms and realleges all matters set forth in paragraphs 29 through 32 and same are incorporated in Count Nine by this reference.

41.

During the two year period prior to Debtor's petition, Debtor made numerous transfers to Wells Fargo.  Many of these transfers were for the <u>individual</u> benefit of Debtor's insider, Joseph R. Rollins, (or his entities).  These transfers did not benefit the Debtor.

42.

At the time of the transfers described in paragraph 41

herein, Debtor received less than a reasonably equivalent value
in exchange for the transfers; and (a) Debtor was insolvent on
the date of said transfers or became insolvent as a result of
said transfers; or (b) Debtor was engaged in business or a
transaction or was about to engage in business or a transaction
for which any property remaining with the Debtor was an
unreasonably small capital; or (c) Debtor intended to incur, or
believed that it would incur, debts that would be beyond Debtor's
ability to pay as said debts matured.

43.

Debtor made the transfers described in paragraph 41 with the
intent to hinder, delay, and defraud its Creditors.

44.

The transfers described in paragraph 41 hereof are voidable
as against the creditors of Debtor pursuant to 11 U.S.C. §548,
and Plaintiff is entitled to void the transfers.  Pursuant to 11
U.S.C. §550, Plaintiff is entitled to recover the value of the
transfers from Wells Fargo, and the value (therefore, Plaintiff's
damages pursuant to 11 U.S.C. §550) will be proven with more
certainty at the trial of this matter.

WHEREFORE, Plaintiff prays that:

a)    Process issue and Wells Fargo be served as provided by
      law;

b)    the Court enter a judgment voiding the transfers from
      Debtor to Wells Fargo and enter a judgment in favor of
      the Plaintiff and against Wells Fargo in an amount to
      be proven with more certainty at the trial of this
      matter;

c)    All costs be cast upon Wells Fargo; and

d)    The Court grant such other and further relief as it
      deems just and proper.


COUNT TEN: PREFERENCE (AMERICAN EXPRESS)

45.

Plaintiff hereby reaffirms and realleges all matters set
forth in paragraphs 1 through 4 herein and same are incorporated
in Count Ten by this reference.

46.

Defendant American Express Travel Related Services Company,
Inc. ("AmEx") is subject to the jurisdiction of this Court and
may be served care of its registered agent, CT Corporation System

at 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.  AmEx may
also be served care of its CEO, Kenneth I. Chenault at 200 Vesey
Street, New York, New York 10285.

47.

During the ninety day period prior to Debtor's petition,
Debtor transferred $44,518.15 to AmEx.

a.   During the ninety day period prior to the filing of
Debtor's petition, Debtor made transfers to or for the
benefit of AmEx totaling not less than $44,518.15.

b.   At the time of the transfers described in Paragraph
47(a), AmEx was a creditor of Debtor.

c.   The transfers described in Paragraph 47(a) were for or
on account of an antecedent debt owed by the Debtor to
AmEx before said transfers were made.

d.   The transfers were made while Debtor was insolvent.

e.   The transfers were made within the ninety day period
prior to the date of the filing of Debtor's petition.

f.   The transfers enabled AmEx to receive more than AmEx
would have received if the case was a Chapter 7 case,
the transfers had not been made, and AmEx had received
payment of its debt to the extent provided by the

Bankruptcy Code.

48.

The transfers to AmEx are void as against Debtor's creditors pursuant to 11 U.S.C. § 547.  AmEx is the initial transferee of these voidable transfers, and Plaintiff is entitled to recover the value of said transfers from AmEx pursuant to 11 U.S.C. § 550(a)(1), plus pre-judgment interest from the date of the filing of Plaintiff's Complaint against AmEx.

WHEREFORE, Plaintiff prays as follows:

a)   Process issue and AmEx be served as provided by law;

b)   The Court enter a judgment in favor of Plaintiff and against AmEx in the principal amount of $44,518.15 plus prejudgment interest pursuant to 28 U.S.C. § 1961 from the date of the filing of Plaintiff's Complaint;

c)   All costs be cast upon AmEx; and

d)   The Court grant such other and further relief as it deems just and proper.

COUNT ELEVEN - §544 FRAUD (AMERICAN EXPRESS)

49.

Plaintiff hereby reaffirms and realleges all matters set forth in paragraphs 45 through 48 herein and same are incorporated in Count Eleven by this reference.

50.

During the four year period prior to Debtor's petition, Debtor made numerous transfers to AmEx. Many of these transfers were for the _individual_ benefit of Debtor's insider, Joseph R. Rollins, (or his entities). These transfers did not benefit the Debtor.

51.

At the time of the transfers described in paragraph 50 herein, numerous creditors held claims against the Debtor. Those claims arose before the transfers referenced in paragraph 50.

52.

Debtor made the transfers set forth in paragraph 50:

1)   With actual intent to hinder, delay, or defraud its current creditors and with actual intent to hinder, delay, or defraud future creditors; or

2)   Without receiving a reasonably equivalent value in exchange for the transfers, and the Debtor

a)   Was engaged or was about to engage in a business
or a transaction for which the remaining assets of
the Debtor were unreasonably small in relation to
the business or transaction; or

b)   Intended to incur, or believed or reasonably
should have believed that it would incur debts
beyond its ability to pay as they became due.

53.

The Debtor made the transfers described in paragraph 50
without receiving a reasonably equivalent value in exchange for
the transfers.

54.

At the time of the transfers described in paragraph 50,
Debtor was insolvent on the date of said transfers or became
insolvent as a result of said transfers.

55.

The transfers described in paragraph 50 are voidable
pursuant to 11 U.S.C. § 544, and Georgia statutes O.C.G.A. §§ 18-
2-74 and 18-2-75, and Plaintiff is entitled to void the transfers
to AmEx.  Plaintiff is entitled to recover the value of the
transfers, and the value (therefore, Plaintiff's damages pursuant

to 11 U.S.C. §550) will be proven with more certainty at the trial of this matter.

### COUNT TWELVE - SECTION 548 FRAUD (AMERICAN EXPRESS)

56.

Plaintiff hereby reaffirms and realleges all matters set forth in paragraphs 45 through 48 and same are incorporated in Count Twelve by this reference.

57.

During the two year period prior to Debtor's petition, Debtor made numerous transfers to AmEx.  Many of these transfers were for the _individual_ benefit of Debtor's insider, Joseph R. Rollins, (or his entities).  These transfers did not benefit the Debtor.

58.

At the time of the transfers described in paragraph 57 herein, Debtor received less than a reasonably equivalent value in exchange for the transfers; and (a) Debtor was insolvent on the date of said transfers or became insolvent as a result of said transfers; or (b) Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or (c) Debtor intended to incur, or believed that it would incur, debts that would be beyond Debtor's ability to pay as said debts matured.

59.

Debtor made the transfers described in paragraph 57 with the intent to hinder, delay, and defraud its Creditors.

60.

The transfers described in paragraph 57 hereof are voidable as against the creditors of Debtor pursuant to 11 U.S.C. §548, and Plaintiff is entitled to void the transfers.  Pursuant to 11 U.S.C. §550, Plaintiff is entitled to recover the value of the transfers from AmEx, and the value (therefore, Plaintiff's damages pursuant to 11 U.S.C. §550) will be proven with more certainty at the trial of this matter.

WHEREFORE, Plaintiff prays that:

a)   Process issue and AmEx be served as provided by law;

b)   the Court enter a judgment voiding the transfers from Debtor to AmEx and enter a judgment in favor of the Plaintiff and against AmEx in an amount to be proven with more certainty at the trial of this matter;

c)   All costs be cast upon AmEx; and

d)   The Court grant such other and further relief as it deems just and proper.

COUNT THIRTEEN: PREFERENCE (CARY S. KING, P.C.)

61.

Plaintiff hereby reaffirms and realleges all matters set

forth in paragraphs 1 through 4 herein and same are incorporated in Count Thirteen by this reference.

62.

Defendant Cary S. King, P.C. ("King") is subject to the jurisdiction of this Court and may be served care of its registered agent, Cary King at 1201 Peachtree Street, 400 Colony Square, Suite 1100, Atlanta, GA 30361-6302.

63.

During the ninety day period prior to Debtor's petition, Debtor transferred $20,000.00 to King.

a.    During the ninety day period prior to the filing of Debtor's petition, Debtor made transfers to or for the benefit of King totaling not less than $20,000.00.

b.    At the time of the transfers described in Paragraph 63(a), King was a creditor of Debtor.

c.    The transfers described in Paragraph 63(a) were for or on account of an antecedent debt owed by the Debtor to King before said transfers were made.

d.    The transfers were made while Debtor was insolvent.

e.    The transfers were made within the ninety day period prior to the date of the filing of Debtor's petition.

f.   The transfers enabled King to receive more than King

would have received if the case was a Chapter 7 case,

the transfers had not been made, and King had received

payment of his debt to the extent provided by the

Bankruptcy Code.

64.

The transfers to King are void as against Debtor's creditors

pursuant to 11 U.S.C. § 547.  King is the initial transferee of

these voidable transfers, and Plaintiff is entitled to recover

the value of said transfers from King pursuant to 11 U.S.C. §

550(a)(1), plus pre-judgment interest from the date of the filing

of Plaintiff's Complaint against King.


WHEREFORE, Plaintiff prays as follows:

a)   Process issue and King be served as provided by law;

b)   The Court enter a judgment in favor of Plaintiff and

against King in the principal amount of $20,000.00 plus

prejudgment interest pursuant to 28 U.S.C. § 1961 from

the date of the filing of Plaintiff's Complaint;

c)   All costs be cast upon King; and

d)   The Court grant such other and further relief as it

deems just and proper.

<u>COUNT FOURTEEN: PREFERENCE (SLAUGHTER & VIRGIN, P.C.)</u>

65.

Plaintiff hereby reaffirms and realleges all matters set forth in paragraphs 1 through 4 herein and same are incorporated in Count Fourteen by this reference.

66.

Defendant Slaughter & Virgin, P.C. ("S&V") is subject to the jurisdiction of this Court and may be served care of its registered agent, Frank W. Virgin at 1201 Peachtree Street, N.E., Suite 1110, Atlanta, GA 30361.

67.

During the ninety day period prior to Debtor's petition, Debtor transferred $15,450.05 to S&V.

    a.   During the ninety day period prior to the filing of Debtor's petition, Debtor made transfers to or for the benefit of S&V totaling not less than $15,450.05.

    b.   At the time of the transfers described in Paragraph 67(a), S&V was a creditor of Debtor.

    c.   The transfers described in Paragraph 67(a) were for or

on account of an antecedent debt owed by the Debtor to S&V before said transfers were made.

d.    The transfers were made while Debtor was insolvent.

e.    The transfers were made within the ninety day period prior to the date of the filing of Debtor's petition.

f.    The transfers enabled S&V to receive more than S&V would have received if the case was a Chapter 7 case, the transfers had not been made, and S&V had received payment of its debt to the extent provided by the Bankruptcy Code.

68.

The transfers to S&V are void as against Debtor's creditors pursuant to 11 U.S.C. § 547.  S&V is the initial transferee of these voidable transfers, and Plaintiff is entitled to recover the value of said transfers from S&V pursuant to 11 U.S.C. § 550(a)(1), plus pre-judgment interest from the date of the filing of Plaintiff's Complaint against S&V.

WHEREFORE, Plaintiff prays as follows:

a)    Process issue and S&V be served as provided by law;

b)    The Court enter a judgment in favor of Plaintiff and

against S&V in the principal amount of $15,450.05 plus

prejudgment interest pursuant to 28 U.S.C. § 1961 from

the date of the filing of Plaintiff's Complaint;

c)    All costs be cast upon S&V; and

d)    The Court grant such other and further relief as it

deems just and proper.


COUNT FIFTEEN - §544 FRAUD ((SLAUGHTER & VIRGIN, P.C.)

69.

Plaintiff hereby reaffirms and realleges all matters set

forth in paragraphs 65 through 68 herein and same are

incorporated in Count Fifteen by this reference.

70.

During the four year period prior to Debtor's petition,

Debtor made numerous transfers to S&V.  Many of these transfers

were for the individual benefit of Debtor's insider, Joseph R.

Rollins, (or his entities).  These transfers did not benefit the

Debtor.

71.

At the time of the transfers described in paragraph 70

herein, numerous creditors held claims against the Debtor.  Those

claims arose before the transfers referenced in paragraph 70.

72.

Debtor made the transfers set forth in paragraph 70

1)   With actual intent to hinder, delay, or defraud its
     current creditors and with actual intent to hinder,
     delay, or defraud future creditors; or

2)   Without receiving a reasonably equivalent value in
     exchange for the transfers, and the Debtor

   a)   Was engaged or was about to engage in a business
        or a transaction for which the remaining assets of
        the Debtor were unreasonably small in relation to
        the business or transaction; or

   b)   Intended to incur, or believed or reasonably
        should have believed that it would incur debts
        beyond its ability to pay as they became due.

73.

The Debtor made the transfers described in paragraph 70
without receiving a reasonably equivalent value in exchange for
the transfers.

74.

At the time of the transfers described in paragraph 70,

Debtor was insolvent on the date of said transfers or became
insolvent as a result of said transfers.

75.

The transfers described in paragraph 70 are voidable
pursuant to 11 U.S.C. § 544, and Georgia statutes O.C.G.A. §§ 18-
2-74 and 18-2-75, and Plaintiff is entitled to void the transfers
to S&V.  Plaintiff is entitled to recover the value of the
transfers, and the value (therefore, Plaintiff's damages pursuant
to 11 U.S.C. §550) will be proven with more certainty at the
trial of this matter.

COUNT SIXTEEN - SECTION 548 FRAUD (SLAUGHTER & VIRGIN, P.C.)

76.

Plaintiff hereby reaffirms and realleges all matters set
forth in paragraphs 65 through 68 and same are incorporated in
Count Sixteen by this reference.

77.

During the two year period prior to Debtor's petition,
Debtor made numerous transfers to S&V.  Many of these transfers
were for the individual benefit of Debtor's insider, Joseph R.
Rollins, (or his entities).  These transfers did not benefit the

Debtor.

78.

At the time of the transfers described in paragraph 77 herein, Debtor received less than a reasonably equivalent value in exchange for the transfers; and (a) Debtor was insolvent on the date of said transfers or became insolvent as a result of said transfers; or (b) Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or (c) Debtor intended to incur, or believed that it would incur, debts that would be beyond Debtor's ability to pay as said debts matured.

79.

Debtor made the transfers described in paragraph 77 with the intent to hinder, delay, and defraud its Creditors.

80.

The transfers described in paragraph 77 hereof are voidable as against the creditors of Debtor pursuant to 11 U.S.C. §548, and Plaintiff is entitled to void the transfers.  Pursuant to 11 U.S.C. §550, Plaintiff is entitled to recover the value of the transfers from S&V, and the value (therefore, Plaintiff's damages

pursuant to 11 U.S.C. §550) will be proven with more certainty at the trial of this matter.

WHEREFORE, Plaintiff prays that:

a)    Process issue and S&V be served as provided by law;

c)    the Court enter a judgment voiding the transfers from Debtor to S&V and enter a judgment in favor of the Plaintiff and against S&V in an amount to be proven with more certainty at the trial of this matter;

c)    All costs be cast upon S&V; and

d)    The Court grant such other and further relief as it deems just and proper.

COUNT SEVENTEEN: PREFERENCE (MOORE INGRAM JOHNSON & STEELE, LLP)

81.

Plaintiff hereby reaffirms and realleges all matters set forth in paragraphs 1 through 4 herein and same are incorporated in Count Seventeen by this reference.

82.

Defendant Moore Ingram Johnson & Steele, LLP ("MIJS") is subject to the jurisdiction of this Court and may be served care

of its partner, Clayton Carmack at 192 Anderson Street, Marietta, Georgia 30060.

83.

During the ninety day period prior to Debtor's petition, Debtor transferred $8,657.57 to MIJS.

    a.    During the ninety day period prior to the filing of Debtor's petition, Debtor made transfers to or for the benefit of MIJS totaling not less than $8,657.57.

    b.    At the time of the transfers described in Paragraph 83(a), MIJS was a creditor of Debtor.

    c.    The transfers described in Paragraph 83(a) were for or on account of an antecedent debt owed by the Debtor to MIJS before said transfers were made.

    d.    The transfers were made while Debtor was insolvent.

    e.    The transfers were made within the ninety day period prior to the date of the filing of Debtor's petition.

    f.    The transfers enabled MIJS to receive more than MIJS would have received if the case was a Chapter 7 case, the transfers had not been made, and MIJS had received payment of its debt to the extent provided by the Bankruptcy Code.

84.

The transfers to MIJS are void as against Debtor's creditors pursuant to 11 U.S.C. § 547.  MIJS is the initial transferee of these voidable transfers, and Plaintiff is entitled to recover the value of said transfers from MIJS pursuant to 11 U.S.C. § 550(a)(1), plus pre-judgment interest from the date of the filing of Plaintiff's Complaint against MIJS.

WHEREFORE, Plaintiff prays as follows:

a)   Process issue and MIJS be served as provided by law;

b)   The Court enter a judgment in favor of Plaintiff and against MIJS in the principal amount of $8,657.57 plus prejudgment interest pursuant to 28 U.S.C. § 1961 from the date of the filing of Plaintiff's Complaint;

c)   All costs be cast upon MIJS; and

d)   The Court grant such other and further relief as it deems just and proper.

COUNT EIGHTEEN - §544 FRAUD (MOORE INGRAM JOHNSON & STEELE, LLP)

85.

Plaintiff hereby reaffirms and realleges all matters set

forth in paragraphs 81 through 84 herein and same are
incorporated in Count Eighteen by this reference.

86.

During the four year period prior to Debtor's petition,
Debtor made numerous transfers to MIJS.  Many of these transfers
were for the _individual_ benefit of Debtor's insider, Joseph R.
Rollins, (or his entities).  These transfers did not benefit the
Debtor.

87.

At the time of the transfers described in paragraph 86
herein, numerous creditors held claims against the Debtor.  Those
claims arose before the transfers referenced in paragraph 86.

88.

Debtor made the transfers set forth in paragraph 86

1)   With actual intent to hinder, delay, or defraud its
     current creditors and with actual intent to hinder,
     delay, or defraud future creditors; or

2)   Without receiving a reasonably equivalent value in
     exchange for the transfers, and the Debtor

     a)   Was engaged or was about to engage in a business
          or a transaction for which the remaining assets of
          the Debtor were unreasonably small in relation to

the business or transaction; or

b)    Intended to incur, or believed or reasonably

should have believed that it would incur debts

beyond its ability to pay as they became due.

89.

The Debtor made the transfers described in paragraph 86

without receiving a reasonably equivalent value in exchange for

the transfers.

90.

At the time of the transfers described in paragraph 86,

Debtor was insolvent on the date of said transfers or became

insolvent as a result of said transfers.

91.

The transfers described in paragraph 86 are voidable

pursuant to 11 U.S.C. § 544, and Georgia statutes O.C.G.A. §§ 18-

2-74 and 18-2-75, and Plaintiff is entitled to void the transfers

to MIJS.  Plaintiff is entitled to recover the value of the

transfers, and the value (therefore, Plaintiff's damages pursuant

to 11 U.S.C. §550) will be proven with more certainty at the

trial of this matter.

COUNT NINTEEN – SECTION 548 FRAUD (MOORE INGRAM JOHNSON & STEELE,

<u>LLP)</u>

92.

Plaintiff hereby reaffirms and realleges all matters set
forth in paragraphs 81 through 84 and same are incorporated in
Count Nineteen by this reference.

93.

During the two year period prior to Debtor's petition,
Debtor made numerous transfers to MIJS.  Many of these transfers
were for the <u>individual</u> benefit of Debtor's insider, Joseph R.
Rollins, (or his entities).  These transfers did not benefit the
Debtor.

94.

At the time of the transfers described in paragraph 93
herein, Debtor received less than a reasonably equivalent value
in exchange for the transfers; and (a) Debtor was insolvent on
the date of said transfers or became insolvent as a result of
said transfers; or (b) Debtor was engaged in business or a
transaction or was about to engage in business or a transaction
for which any property remaining with the Debtor was an
unreasonably small capital; or (c) Debtor intended to incur, or
believed that it would incur, debts that would be beyond Debtor's
ability to pay as said debts matured.

95.

Debtor made the transfers described in paragraph 93 with the intent to hinder, delay, and defraud its Creditors.

96.

The transfers described in paragraph 93 hereof are voidable as against the creditors of Debtor pursuant to 11 U.S.C. §548, and Plaintiff is entitled to void the transfers.  Pursuant to 11 U.S.C. §550, Plaintiff is entitled to recover the value of the transfers from MIJS, and the value (therefore, Plaintiff's damages pursuant to 11 U.S.C. §550) will be proven with more certainty at the trial of this matter.

WHEREFORE, Plaintiff prays that:

a)    Process issue and MIJS be served as provided by law;

d)    the Court enter a judgment voiding the transfers from Debtor to MIJS and enter a judgment in favor of the Plaintiff and against MIJS in an amount to be proven with more certainty at the trial of this matter;

c)    All costs be cast upon MIJS; and

e)    The Court grant such other and further relief as it

deems just and proper.

Respectfully submitted this 1st day of May, 2009.


/s/ by W. Russell Patterson, Jr._____
W. Russell Patterson, Jr.,
Special Counsel for Trustee
Georgia Bar No. 566920

Ragsdale, Beals, Seigler, Patterson & Gray LLP
2400 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, Georgia 30303-1629
(404) 588-0500
(404) 523-6714 (Fax)
wrpjr@rbspg.com